# LEVIN-EPSTEIN & ASSOCIATES, P.C.

One Penn Plaza • Suite 2527 • New York, New York 10119
T: 212.792-0046 • F: 212.563.7108
E: Joshua@levinepstein.com

October 11, 2019

*Via ECF*
Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Bellas v. Abraham and Abraham Attorneys and Counselors at Law, LLC et al*
             Case No. 19-cv-04901-KAM-RML

Dear Honorable Judge Matsumoto:

This firm represents Defendants Abraham and Abraham Attorneys and Counselors at Law, LLC and Irwin D. Abraham (together, the "Defendants") in the above-captioned action. Pursuant to Rule IV(B) of Your Honor's Individual Rules, this letter respectfully serves to request a pre-motion conference prior to moving the Court to decline supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c) and, in addition, dismissing Plaintiff's federal claims on the ground that they are moot or staying them pending resolution of the state claims.

Contemporaneously with the submission of this letter motion, Defendants made an offer of judgment, pursuant to F.R.C.P. Rule 68, in the amount of $5,000 (the "Offer of Judgment") [*See* D.E. No. 10] on account of all of the federal claims in the instant action for alleged unpaid minimum wage (the Fifth Cause of Action) and alleged unpaid overtime (the Sixth Cause of Action), pursuant to 29 U.S.C. § 216(b). As set forth more fully below, the Offer of Judgment more than completely satisfies the causes of action arising under 29 U.S.C. § 216(b). Thus, the federal causes of action are now, for all practical purposes, moot.

**I.    Background**

Plaintiff's Complaint arises out of an employment relationship that lasted one month beginning on March 14, 2019, and ending on April 15, 2019. Plaintiff briefly worked at a law firm with a single managing member. Plaintiff alleges Defendants paid her a salary of $700 per week or $35,000 a year (*i.e.*, 50 weeks of work).

Plaintiff now seeks damages in excess of $600,000. This relief sought includes compensation of $100,000 and $500,000 in punitive damages. These damages are based on a total of ten claims against Defendants – eight state law claims and two federal claims.

The two federal claims are – at most – for *de minimus* violations of the federal Fair Labor Standards Act ("FLSA"). Compl. ¶¶ 90-101 (the FLSA claims). Such violations are *de minimus* because Plaintiff received $700 a week according to her own complaint and federal minimum wage is $7.25 per hour, which is $290 for 40 hours. The remaining $410 from the $700 salary covers 37.5 hours of overtime at $10.875 per hour. Only if Plaintiff can prove she worked more than 77.5

1

hours in one week could she prove a violation of the FLSA and that would only allow her to recover double money owed.

Plaintiff's remaining eight claims are based on the laws of New York: four claims for harassment and retaliation under laws of New York state and New York City law (yet no federal claim under the relevant federal law, *i.e.*, Title VII of the 1964 Civil Right Act), two claims under New York Labor Law ("NYLL") for violations of the State's minimum wage and overtime law, and two claims for failure to provide Notice and Acknowledgement of Pay Rate and Payday and failure to give Plaintiff an accurate wage statement with each payment of wages under the NYLL.

Moreover, "as far as the quantum of damages is concerned, Plaintiffs will recover under the NYLL alone" because these damages exceed damages under the FLSA. *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 498 n.7 (2017) (Failla, J.). This is true because New York's state minimum wage and overtime laws have long imposed significantly higher amounts of money that employers must pay when compared to federal law.

Thus, the sole function of the two federal claims is to give jurisdiction to this Court over the state and city law claims. *See* Hon. Brian Cogan, *A Modest Proposal for the Reduction of the Size of the Federal Judiciary by Two-Thirds*, 18 Fed. Soc. 106, 107 (2017) (explaining that "the Fair Labor Standards Act, known as the FLSA, has been the single greatest driver of the increase in federal district court caseloads in the last decade . . . . in my federal district court, and I suspect in many others, [the FLSA's] main use is as a vehicle to get state law wage claims into federal court").

Indeed, it is not uncommon for Plaintiffs to drop their federal claims at trial and only have a jury decide their state law claims, which demonstrates just how little these federal claims mean to plaintiffs in general. See, e.g., *Flores et al.v. NYC Pasta Inc. et al.*, Dkt. #87 at 97-98; *see id*. at 98 (transcript of jury trial) (The Court: "Except are there particular damages that are only FLSA damages?" Plaintiff's Lawyer: "No." and thereafter dropping the FLSA claims from the jury's consideration).[1]

## II. Defendants' Intended Motion

Under 28 U.S. § 1367(c), this Court may decline to exercise supplemental jurisdiction over a state law claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." *Id.* Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

The vast majority of the $600,000 in damages sought arise out of the purported harassment and retaliation in violation of New York law. Moreover, Plaintiff's state claims do not arise from the same nucleus of operative fact as the labor law violations involve technical issues related to payment with a salary – a far cry from the allegations underlying the alleged violations of state and city anti-discrimination laws. Finally, as noted above, Plaintiff's recovery under state labor law will more than fully encompass any damages under federal labor law.

---

[1] Available at https://www.courtlistener.com/recap/gov.uscourts.nysd.480371/gov.uscourts.nysd.480371.87.0_1.pdf

Federal courts are courts of limited subject matter jurisdiction. Indeed, Plaintiff could have – and still may – seek redress for any violations of the FLSA in state court. *See Zwickler v. Koota*, 389 U.S. 241, 245 (1967) (explaining that the first Congress did not give the lower federal courts any original jurisdiction in civil cases and litigants enforced federal rights in state courts); *see also* Donald H. Zeigler, *Gazing into the Crystal Ball: Reflections on the Standards State Judges Should Use to Ascertain Federal Law*, 40 Wm. & Mary L.Rev. 1143, 1152-53 (1999) ("During both the Constitutional Convention and the state ratification conventions that followed, delegates generally agreed that state courts could also decide issues of federal law.")

Moreover, Plaintiff's federal claims are now moot because Defendant has tendered $5,000 for any FLSA violations – an amount well above the alleged damages for Defendant's alleged violations of federal law by an employer paying Plaintiff $700 a week in salary. The federal claims are moot because it is impossible for this Court to grant any effectual relief whatsoever to Plaintiff for the federal claims.

When all of the federal claims in a case are dismissed before trial, "the balance of factors to be considered" in deciding whether to retain a state-law claim "will point toward declining to exercise jurisdiction over" it. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Given that Defendants have not even answered the Complaint, much less engaged in any discovery, declining to exercise jurisdiction over the state law claims is appropriate. At the very least, even if the federal claims are not moot, the Court should respectfully stay them until relief is obtained in state court -- relief which may be complete in nature.

### III. Conclusion

In light of the foregoing, Defendants respectfully request a pre-motion conference prior to filing a motion to dismiss in order to address these issues.

Thank you, in advance, for your time and consideration.

                                            Respectfully submitted,

                                            LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                       By: */s/ Joshua D. Levin-Epstein*
                                              Joshua D. Levin-Epstein
                                              1 Penn Plaza, Suite 2527
                                              New York, New York 10119
                                              Tel. No.: (212) 792-0046
                                              Email: Joshua@levinepstein.com
                                              *Attorneys for Defendants*

VIA ECF: All Counsel